IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES INS. CO.,** et al., | : | |
| | : | **Case No. 2:06-cv-801** |
| **Plaintiffs,** | : | |
| v. | : | **Judge Holschuh** |
| **U.S. FOUR, INC. d/b/a/ DOCKSIDE DOLLS, et al.,** | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs, Royal Surplus Lines Insurance Company and Clarendon America Insurance Company, filed a declaratory judgment action against U.S. Four, Inc. d/b/a Dockside Dolls ("U.S. Four"), an adult entertainment business, and against Christopher Cicero, an individual who filed a class action complaint against U.S. Four and four other defendants in state court. Plaintiffs seek a declaration that they have no duty to defend or indemnify U.S. Four in that lawsuit. This matter is currently before the Court on Plaintiffs' motion for summary judgment. (Record at 20).

**I.      Background and Procedural History**

On May 4, 2006, Christopher Cicero filed a class action complaint in the Franklin County Court of Common Pleas against U.S. Four and four other defendants, alleging that between May 4, 2002 and July 8, 2005, they transmitted hundreds of "junk" advertisements to plaintiffs' fax machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (Ex. A to Compl.). Plaintiff sought statutory treble damages of $1500 for each violation.

Royal Surplus had issued a Commercial General Liability Policy to Dockside Dolls for the policy period of August 21, 2003 to August 21, 2004. (Ex. B to Compl.). Clarendon America had issued a Commercial Lines Policy to Columbus Golf & Travel LLC d/b/a Dockside Dolls for the policy period from August 15, 2001 to August 15, 2002. (Ex. C to Compl.). After Cicero filed the class action complaint in state court, Royal Surplus and Clarendon America filed this declaratory judgment action seeking a determination of their duty to defend and indemnify U.S. Four in the underlying suit. Plaintiffs have moved for summary judgment. Before turning to the merits of Plaintiffs' motion, the Court must first determine whether it should exercise jurisdiction over this declaratory judgment action.

## II. Jurisdiction

The Declaratory Judgment Act states that upon the filing of an appropriate pleading, a district court "may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). Even where subject matter jurisdiction exists, as it does here, the district court has discretion to decline to entertain declaratory judgment actions. See Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n, 481 F.3d 414, 421 (6th Cir. 2007).

In determining whether to exercise such discretion, the district court must consider the following five factors:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more

effective.

Grand Trunk Western R.R. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984). In connection with the fourth factor, the court must also consider: "(1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action." Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000).

In the instant case, shortly after Plaintiffs' motion for summary judgment was fully briefed, the Sixth Circuit issued a decision in Travelers Indemnity Company v. Bowling Green Professional Associates, PLC, 495 F.3d 266 (6th Cir. 2007). It held that the district court had abused its discretion in exercising jurisdiction over the declaratory judgment action. In this Court's view, the Travelers decision governs the outcome of this case, and requires the Court to decline to exercise jurisdiction over Plaintiffs' suit.

In Travelers, two insurance companies sought a determination of whether the insurance policies at issue required them to defend or indemnify the insured, an outpatient drug treatment facility, in a wrongful death suit. The wrongful death suit was filed by the estate of a woman killed in a car accident caused by a patient who had just received a methadone treatment at the facility.

In analyzing the first two Grand Trunk factors, the Sixth Circuit held that although a declaratory judgment would clarify the legal relationship between the insurers and the insured and determine the scope of the insurance coverage, it would not settle the controversy that was

3

the subject of the wrongful death suit. Moreover, not all parties to the wrongful death suit were parties to the declaratory judgment action. Although they might be affected by the declaratory judgment, they would not be bound by it. Id. at 272. With respect to the third factor, the court found no evidence of procedural fencing.

With respect to the fourth factor, the court noted that the issue of whether the facility's conduct in allowing the patient to drive his car after receiving a methadone treatment constituted "medical negligence" or "ordinary negligence" had not yet been resolved by the Kentucky courts. The Court noted that:

> issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." Bituminous, 373 F.3d at 815. We have often observed that "'[s]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" Id. (quoting Mercier, 913 F.2d at 279). This concern has been frequently applied in cases of insurance contract interpretation and we have held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits.

Travelers, 495 F.3d at 273.

Finally, as to the fifth Grand Trunk factor, the Court found that alternative remedies existed, including the filing of an indemnity action at the conclusion of the wrongful death suit. Id. Based on its analysis of these factors, the Court concluded that the district court had abused its discretion in exercising jurisdiction over the declaratory judgment action.

Since the Travelers decision was issued, several district courts within the Sixth Circuit have declined to exercise jurisdiction over declaratory judgment actions involving an insurance company's duty to defend and indemnify. See Westport Ins. Corp. v. Al Bourdeau Ins. Servs.,

No. 07-12106, 2007 WL 2225874 (E.D. Mich. Aug. 2, 2007); <u>Allstate Ins. Co. v. Regalbuto</u>, No. 1:07cv486, 2007 WL 2286311 (N.D. Ohio Aug. 6, 2007); <u>Motorists Mutual Ins. Co. v. Jones</u>, No. 6:07-115-DCR, 2007 WL 2903230 (E.D. Ky. Sept. 27, 2007); <u>Horace Mann Ins. Co. v. Alberts</u>, No. 1:06CV-181-M, 2007 WL 3025071 (W.D. Ky. Oct. 15, 2007); <u>Citizens Ins. v. Lanly Co.</u>, Nos. 1:07 CV 241, 1:07 CV 467, 1:07 CV 469, 2007 WL 3129783 (N.D. Ohio Oct. 23, 2007).

After reviewing these decisions, and after applying the <u>Grand Trunk</u> factors to Plaintiffs' case, the Court concludes that it would be inappropriate to exercise jurisdiction over this matter. As in <u>Travelers</u>, although a decision would serve a useful purpose in clarifying the scope of coverage of the insurance policies, that decision does not settle the underlying controversy that is the subject of the state court action, *i.e.*, whether U.S. Four violated the Telephone Consumer Protection Act by sending unsolicited "junk" faxes to Cicero and the other putative class members. Also, as was the case in <u>Travelers</u>, there are other defendants in the state court action who are not parties to this action and who would not be bound by any declaratory judgment. The first two factors therefore weigh against the exercise of jurisdiction. Because there is no evidence that Plaintiffs filed this action in an effort to engage in procedural fencing, the third <u>Grand Trunk</u> factor is neutral.

One of the major issues in this case is whether "junk fax" claims fall within the scope of coverage for "personal and advertising injury." Although the policies cover "oral or written publication, in any manner, of material that violates a person's right of privacy," it is unclear whether this "right of privacy" encompasses only improper disclosure of secret information or whether it also encompasses a person's right to seclusion, a right that would be violated each

5

time an individual received an unsolicited "junk fax" advertisement. The parties agree that Ohio courts have not yet decided this issue. In this Court's view, for the reasons set forth in Travelers, a state court is better suited to resolve this legal issue of first impression.[1]

Finally, there is a better and more effective alternative remedy available to Plaintiffs in this case. They may refile their declaratory judgment action in state court pursuant to Ohio Revised Code § 2721.02. See also Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St. 3d 108, 112, 507 N.E.2d 1118, 1122 (holding that an "insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance").

As Judge Polster aptly summarized in Citizens Insurance v. Lanly Company, "[t]he Sixth Circuit made clear in Travelers that insurance coverage issues should generally be resolved by state courts, and that the exercise of federal declaratory judgment jurisdiction over such cases is disfavored." 2007 WL 3129783, at *5. Although "Travelers does not create a *per se* rule precluding the district court from exercising jurisdiction over all federal declaratory judgment cases involving insurance coverage[,] . . . the unsettled state of Ohio law on this particular issue and the policy implications of the decision weigh against the exercise of federal jurisdiction over a purely state law insurance matter." Id.

**III. Conclusion**

Because the Court declines to exercise jurisdiction over Plaintiffs' declaratory judgment action, the Court **DISMISSES** this case **WITHOUT PREJUDICE**. Plaintiffs' motion for

---

[1] In connection with the fourth factor, since legal issues clearly predominate over factual issues, the Court need not address the additional factors set forth in Scottsdale.

summary judgment (Record at 20) is **MOOT**.

**IT IS SO ORDERED.**


Date: December 5, 2007						**/s/ John D. Holschuh**
								John D. Holschuh, Judge
								United States District Court